IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY ROSS DEEGAN, III,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:19-CV-2310-WBS-DMC-P<br><br><br><br>ORDER |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of counsel (ECF No. 9).

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff states that appointment of counsel is warranted because he is indigent, the issues involved are complex, he has a limited knowledge of the law, and he is an inmate. See ECF No. 9, pgs. 1-2. The court finds that these are not exceptional circumstances. To the contrary, the circumstances outlined by plaintiff are common to most prisoner litigants. Further, at this stage of the proceedings before the court has screened the complaint and before any discovery or substantive motions have been filed, the court cannot say that plaintiff has any likelihood of success on the merits. Additionally, plaintiff has thus far demonstrated an ability to articulate himself on his own. Finally, a cursory review of the complaint reflects that the issues presented – denial of medical treatment, denial of basic necessities, and retaliation – do not appear to be complex.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 9) is denied.

Dated: January 21, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE