1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 SIDNEY ROSS DEEGAN, III,                          No.  2:19-CV-2310-WBS-DMC-P

12               Plaintiff,

13      v.                                                   ORDER

14 STATE OF CALIFORNIA, et al.,

15               Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18 42 U.S.C. § 1983. Pending before the Court is plaintiff's original complaint (ECCF No. 1).

19          The Court is required to screen complaints brought by prisoners seeking relief

20 against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21 § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23 from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24 the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This

26 means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28 complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6

7  **I.  PLAINTIFF'S ALLEGATIONS**

8  Plaintiff has filed a compliant against the State of California, Director of the

9  California Department of Corrections and Rehabilitation (CDCR), and employees of High Desert

10  State Prison – M. E. Spearman, Richardson, Cervantez, Guzman, Paoli, Kotlar, Monk, Houston,

11  Mortell  Dardis, Gavilanes, Gray, and Does 1 through 4. Plaintiff alleges that during a cell search

12  on March 15, 2019, Defendant Kotlar intentionally threw away plaintiff's hearing aids causing

13  him to suffer mental and physical injuries over the three-month period before the hearing aids

14  were replaced. Plaintiff claims that his due process rights were violated by Kotlar when his

15  property was taken.

16  Plaintiff also claims that his Eight Amendment rights were violated by the creation

17  of an unsafe situation caused by the lack of hearing aids.

18  Plaintiff claims that he was subject to harassment and retaliation by Kotlar,

19  Houston, Guzman, and Mortell due to his complaints about the hearing aids. Plaintiff alleges that

20  he was subjected to at least eight searches in less than one year, which were conducted

21  destructively.  According to plaintiff, Kotlar falsified a rules violation report against plaintiff

22  issued in connection with one such cell search.

23  Finally, plaintiff claims that defendant Richardson – the senior hearing officer at

24  the hearing on the rules violation report issued by Kotlar – refused to allow plaintiff to ask

25  questions of any of the witnesses at the hearing.

26  / / /

27  / / /

28  / / /

2

## II. DISCUSSION

The Court finds plaintiff's allegations sufficient to state a cognizable First Amendment retaliation claim against defendants Kotlar, Houston, Guzman, and Mortell.  The Court also finds plaintiff has stated a cognizable Eighth Amendment medical claim against defendant Mortell arising from loss of plaintiff's hearing aids.  Plaintiff's complaint also states a cognizable due process claim against defendants Kotlar and Richardson based on plaintiff's allegations concerning a falsified rules violation report and the resulting disciplinary hearing.

Plaintiff does not, however, state a cognizable claim arising from loss of his hearing aids.  Nor does plaintiff state a cognizable claim against defendants Director of the CDCR or M. E. Spearman.  Plaintiff cannot state any claims against defendant State of California.  Finally, plaintiff fails to plead a causal link between any of the alleged constitutional violations and defendants Cervantez, Paoli, Monk, Dardis, Gavilanes, Gray.

### A.    Loss of Property

Plaintiff alleges a due process claim arising from the loss of his hearing aids.  Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.  See Hudson, 468 U.S. at 531 n.11.  A due process claim is not barred, however, where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-deprivation process available.  See Zinermon, 494 U.S. at 136-39.   An available state common law tort claim procedure to recover the value of property is an adequate remedy.  See id. at 128-29.

Here, California's tort claim process provides an adequate post-deprivation remedy and, as such, plaintiff's due process claim is not cognizable.

/ / /

/ / /

1        **B.        Supervisory Defendants**

2                Plaintiff names the Director of the CDCR and M. E. Spearman, who is the prison

3    warden, as defendants.  Supervisory personnel are generally not liable under § 1983 for the

4    actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that

5    there is no respondeat superior liability under § 1983).  A supervisor is only liable for the

6    constitutional violations of subordinates if the supervisor participated in or directed the violations.

7    See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable

8    based on knowledge and acquiescence in a subordinate's unconstitutional conduct because

9    government officials, regardless of their title, can only be held liable under § 1983 for his or her

10   own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

11   Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation

12   of constitutional rights and the moving force behind a constitutional violation may, however, be

13   liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

14   Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

15              When a defendant holds a supervisory position, the causal link between such

16   defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

17   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

18   1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

19   civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

20   Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

21   official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

22              In this case, plaintiff has not alleged any conduct on the part of the supervisory

23   defendants.  Instead, it appears plaintiff's claims against them are based on a respondeat superior

24   theory.  Such claims are impermissible.

25   / / /

26   / / /

27   / / /

28   / / /

4

1    **C.    State of California**

2         Plaintiff names the State of California as a defendant.  The Eleventh Amendment

3    prohibits federal courts from hearing suits brought against a state both by its own citizens, as well

4    as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050,

5    1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits

6    against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

7    curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Because it is immune from suit, the

8    State of California is not a proper defendant.

9    **D.    Causal Link**

10        To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

11   connection or link between the actions of the named defendants and the alleged deprivations.  See

12   Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

13   person 'subjects' another to the deprivation of a constitutional right, within the meaning of

14   § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

15   an act which he is legally required to do that causes the deprivation of which complaint is made."

16   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

17   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

18   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

19   specific facts as to each individual defendant's causal role in the alleged constitutional

20   deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

21        Here, the Court finds plaintiff's complaint fails to establish a causal connection

22   between defendants Cervantez, Paoli, Monk, Dardis, Gavilanes, Gray and any alleged

23   constitutional violation.  Where these defendants are referenced in the complaint, such reference

24   appears to be by way of background and do not specifically relate to the violations outlined in the

25   complaint.

26   / / /

27   / / /

28   / / /

5

1

### III. CONCLUSION

2          Because it is possible that the deficiencies identified in this order may be cured by

3  amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

4  1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

5  amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

6  1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the Court cannot refer to the

7  prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An

8  amended complaint must be complete in itself without reference to any prior pleading.  See id.

9          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

11  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

12  each named defendant is involved, and must set forth some affirmative link or connection

13  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

14  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15          Because the complaint appears to otherwise state cognizable claims, if no amended

16  complaint is filed within the time allowed therefor, the Court will issue findings and

17  recommendations that the claims identified herein as defective be dismissed, as well as such

18  further orders as are necessary for service of process as to the cognizable claims.

19          Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended

20  complaint within 30 days of the date of service of this order.

21

22  Dated:  August 10, 2020

23                                                                    _____

24                                                                    DENNIS M. COTA
                                                                      UNITED STATES MAGISTRATE JUDGE

25

26

27

28

6